**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| LISA SMITH, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 887489, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 2:07-CV-0059-RWS |
| | : | |
| DEPARTMENT OF | : | |
| CORRECTIONS; SARAH | : | |
| DRAPER, Manager, Inmate | : | |
| Affairs; JAMES DOCTOR, | : | |
| Director of Lee Arrendale State | : | |
| Prison, | : | |
| Defendants. | : | |

**ORDER**

Plaintiff Lisa Smith has filed the instant pro se civil rights action. The matter is presently before the Court for a 28 U.S.C. § 1915A frivolity determination.

I.  28 U.S.C. § 1915A Frivolity Determination

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual

allegations are "clearly baseless" or "indisputably meritless." Caroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A claim may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation).

2

II.     Plaintiff's Claim

Plaintiff complains that she was placed in a dorm at Lee Arrendale State Prison that contained unsafe plumbing. Plaintiff further complains that despite her requests to correct the unsanitary conditions, the plumbing continued to back up, constituting a risk to her health and safety. According to Plaintiff, as a result of this unsanitary environment, she contracted genital herpes. Plaintiff seeks monetary damages and equitable relief.

III.    Analysis of Plaintiff's Claim

While the Constitution does not require jails or prisons to be places of comfort, it also does not permit them to be inhumane; "it is now settled that the ... conditions under which [an inmate] is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 831 (1994) (quoting Helling v. McKinney, 509 U.S. 25 (1993)). A valid Eighth Amendment claim of this kind has two components: (1) that the deprivation alleged is "objectively, sufficiently serious;" and (2) it was caused by a prison official's act or omission, committed with a "sufficiently culpable state of mind amounting to a deliberate indifference to inmate health or safety." Farmer, 511 U.S. at 834.

3

In order to satisfy Farmer's objective component, an inmate must show that she has been deprived of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "Routine discomforts," however, are commensurate with an inmate's loss of liberty and insufficient to satisfy this standard. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). Further, "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." Wilson v. Seiter, 501 U.S. 294, 305 (1991). Neither negligence nor gross negligence, however, will satisfy the deliberate indifference standard. See Farmer, 511 U.S. at 836, n.4.

Plaintiff claims that she was subjected to other inmates' feces, blood, and urine because of the unsanitary plumbing conditions and, as a result, she contracted genital herpes. In light of Plaintiff's allegations, and in deference to her pro se status, this Court cannot find her allegations to be "indisputably meritless." See DeSpain v. Uphoff, 264 F.3d 965, 974 (10th Cir. 2001) ("Exposure to human waste, like few other conditions of confinement, evokes both the health concerns emphasized in Farmer and the more general standards of dignity embodied in the Eighth Amendment"); Smith v. Copeland, 87 F.3d 265, 268 (8th Cir. 1996)

4

(stating that exposure to raw sewage in some cases amounts to cruel and unusual punishment); Smith v. Melvin, No. 95-2531, 1996 WL 467658 at *2 (7th Cir. July 26, 1996) (indicating that a claim that the toilet was overflowing with raw sewage, which may have created a health hazard, could state a claim for relief); Ramos v. Lamm, 639 F.2d 559, 569 (10th Cir. 1980) (stating that the provision of adequate means of hygiene, and the sanitary disposal of bodily wastes such that the wastes do not contaminate the cells, are a constitutional requirement).

IV.  Conclusion

In light of the foregoing analysis, Plaintiff's claim is **ALLOWED TO PROCEED** as any other civil action.

V.  Directions

The Clerk is hereby **DIRECTED** to send Plaintiff the USM 285 form, summons, and the initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and the initial disclosures form, and to return one of each for each Defendant named in the complaint within twenty (20) days from the entry date of this Order to the Clerk of Court. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The

5

Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant.  The service waiver package must include, for each Defendant, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order.  The Clerk shall retain the USM 285 forms(s) and the summons(es).

Upon completion of the service waiver package(s), the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package(s) to each Defendant.  Defendants have a duty to avoid unnecessary costs of serving the summons.  If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

6

AO 72A
(Rev.8/82)

In the event a Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant who failed to return the waiver form.  The service package must include the USM 285 form, the summons, and one (1) copy of the complaint.  Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve each Defendant who failed to waive service.  The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendants or their counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court.  Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendants or their counsel.  This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

7

AO 72A
(Rev.8/82)

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendants advised of her current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED**, this  30th  day of November, 2007.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE